UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARKER-HANNIFIN CORPORATION, *et al.*, | ) ) ) | Case No.: 1:07 CV 1374 |
| Plaintiffs | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| WIX FILTRATION CORPORATION, | ) ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| PARKER-HANNIFIN CORPORATION, *et al.*, | ) ) ) | Case No.: 1: 07 CV 1375 |
| Plaintiffs | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CHAMPION LABORATORIES, INC. | ) ) | |
| Defendant | ) | <u>JUDGMENT ENTRY</u> |

Based on the jury's December 11, 2009 verdict, the court enters judgment in favor of Plaintiffs and against Defendants in the amount of $6,535,606. For the reasons discussed below, the court also finds injunctive relief to be proper in the instant case, and grants Plaintiffs' Motion for Permanent Injunction (ECF No. 196).

Plaintiffs Parker-Hannifin Corporation and Parker Intangibles (collectively, "Plaintiffs") seek a permanent injunction preventing Defendants Wix Filtration Corporation and Champion

Laboratories, Inc. (collectively, "Defendants") from making, using, offering to sell, or selling filters that infringe claims 24 or 25 of U.S. Patent No. 5,643,446 (the "'446 patent"). It is well-settled that a plaintiff seeking a permanent injunction must demonstrate the following factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Plaintiffs maintain that they have suffered irreparable harm because they are direct competitors with Defendants. They also point to trial testimony indicating that as a result of this infringement, they have lost market share and have suffered from price erosion. (Pls.' Consolid. Reply Br. in Supp. of Post-trial Mots. at 32-35, ECF No. 221, citing Trial Tr. 443, 834.) Additionally, they contend that Defendants' infringement has harmed their brand and reputation as innovators in the market. These damages demonstrate that Plaintiffs have indeed suffered irreparable harm as a result of Defendants' infringement.

Second, they maintain that legal remedies are inadequate because they would continue to lose market share and suffer price erosion without this protection. The court agrees. As long as Defendants continue to sell and market infringing products, there is the potential for future harm, making any remedy at law insufficient.

Third, the court also agrees that the balance of hardships between Plaintiffs and Defendants weighs in favor of an injunction. Defendants fail to point to any harm they would suffer as a result of this injunction, and as discussed above, an injunction would protect Plaintiffs from further infringement of their patent. Fourth, there is no indication that the public would not be disserved by a permanent injunction. Accordingly, the court concludes that a permanent injunction in favor

of Plaintiffs is warranted.

The terms of the injunction are as follows:

Defendants Wix Filtration Corporation and Champion Laboratories, Inc., their subsidiaries and related companies, and their officers, agents, servants, employees, and attorneys (collectively, "Defendants and Agents"), are hereby permanently enjoined from infringing, inducing the infringement of, and/or contributing to the infringement of claims 24 and/or 25 of U.S. Patent No. 5,643,446 by making, using, importing, exporting, selling, and/or offering to sell in the United States and its territories any of the following products:

(i) The Luberfiner LFF8736B fuel filter for the Duramax diesel engine;

(ii) The Napa 3910 fuel filter for the Duramax diesel engine;

(iii) The AC Delco TP1298B fuel filter for the Duramax diesel engine;

(iv) Any filter that is not more than colorably different to the filters listed in (i), (ii), and/or (iii) above.

Effective sixty (60) days after the entry of this Order, Defendants and Agents shall recall all filters listed in (i), (ii), (iii) and (iv) above, which Defendants and Agents have distributed in any way and for which Defendants and Agents have not been paid as of such date if any, unless such filters have already been installed in a Duramax engine. All such recalled filters shall be retained by Defendant Champion Laboratories, Inc., who shall keep the filters until any final decision on appeal in this case and/or settlement. Upon a final decision in favor of the Plaintiffs, the filters shall be destroyed.

Effective thirty (30) days after the entry of this Order, Defendants and Agents shall remove all advertising and marketing material for the filters listed in (i), (ii), (iii) and (iv) above if any, including but not limited to product bulletins, brochures, catalogues, and websites.

This Order shall be in effect until either: (a) the expiration of the patent; or (b) the

cancellation of or final ruling of invalidity after exhaustion of all possible appeals.

    IT IS SO ORDERED.

/s/ <i>SOLOMON OLIVER, JR.</i><br>UNITED STATES DISTRICT JUDGE

May 3, 2010